MICHAEL J. HARTLEY (State Bar No. 189375)
LEE J. ROSENBERG (State Bar No. 287567)
**BAUTE CROCHETIERE & GILFORD LLP**
777 South Figueroa Street, Suite 4900
Los Angeles, California 90017
Telephone: (213) 630-5000
Facsimile: (213) 683-1225
mhartley@bautelaw.com
lrosenberg@bautelaw.com

Attorneys for Defendant
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

| | |
|---|---|
| MARKET LOFTS COMMUNITY ASSOCIATION, a California corporation,<br><br>              Plaintiff,<br><br>     v.<br><br>NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation,<br><br>              Defendant. | Case No. 2:15-cv-3093-RGK (SPx)<br><br>Hon. R. Gary Klausner<br>Courtroom 850<br><br>**DEFENDANT NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION IN LIMINE NO. 2 REGARDING EVIDENCE RELATING TO MLCA'S DEFENSE COSTS IN THE UNDERLYING ACTION, INCLUDING OF ITS DESIGNATED EXPERT ON DEFENSE COSTS, GARY GREENFIELD**<br><br>[Filed concurrently with Notice of Motion; Declaration of Lee J. Rosenberg; and  PROPOSED Order]<br><br>Judge:  R. Gary Klausner<br>Date:   May 31, 2016<br>Time:   9:00 a.m.<br>Crtrm.: 850<br><br>Action Filed:        April 24, 2015 |

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

240548.1                                                    Case No. 2:15-cv-3093-RGK (SPx)

**DEF.'S MEMO OF P'S AND A'S ISO MIL NO. 2 re: EVIDENCE RELATING TO MLCA'S DEF. COSTS**

# MEMORANDUM OF POINTS AND AUTHORITIES

Defendant National Union Fire Insurance Company of Pittsburgh, Pa. ("National Union") moves this Court for an Order instructing plaintiff Market Lofts Community Association ("MLCA"), as well as plaintiff's counsel not to directly or indirectly interrogate, refer to, offer into evidence, or attempt to convey to the jury in any manner, any facts, opinions, testimony, documents, or evidence regarding or relating to the reasonableness or the relatedness of the defense costs that MLCA is seeking to recover in this action, including through the testimony or report of its designated expert on defense costs, Gary Greenfield.

MLCA is seeking to recover defense costs that it incurred in connection with the Underlying Action, which includes both the prosecution of its complaint and the defense against the Homeowner Cross-Complaint. *See* Complaint, Dkt. #1, ¶76. On February 2, 2016, National Union issued a deposition notice to MLCA, which sought testimony, among other topics, on "[t]he time entries and charges in the invoices you have submitted to National Union for payment." (Topic No. 5.) (Exh. 1 to Snook Depo, attached as Exhibit A to Rosenberg Decl.) In response to National Union's notice, MLCA designated board president Richard Snook as the sole representative to testify on its behalf. Rule 30(b)(6) required MLCA to "designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf… The persons designated must testify about information known or reasonably available to the organization." At the deposition, Mr. Snook confirmed that he was testifying on behalf of MLCA for all topics that had been designated.

At MLCA's deposition, MLCA refused to provide testimony regarding the specific time entries and charges, which MLCA is seeking to recover in this action, on the ground of attorney-client privilege. When asked to confirm that MLCA "will not be testifying as to whether or not particular entries are or are not reasonably related to the cross-complaint," MLCA's counsel confirmed that MLCA would not be responding on the basis of attorney-client privilege:

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

240548.1

1

Case No. 2:15-cv-3093-RGK (SPx)

**DEF.'S MEMO OF P'S AND A'S ISO MIL NO. 2 re: EVIDENCE RELATING TO MLCA'S DEF. COSTS**

MR. LOWE:  I don't think he would be in a position to do that without waiving attorney-client privilege.

MR. ROSENBERG:  And, therefore, he will not be testifying

MR. LOWE:  Not -- not as to specifics like that

Snook Depo., pp. 92:22-93:12[1].  When asked to confirm that MLCA "would not be in a position to tell me whether or not certain entries are reasonable or not?" Mr. Snook responded, ""I would not be able to."  p. 96:14-22.  When asked "is it also the case that you would not be able to tell me whether or not those specific entries relate to the cross-complaint, CC1, or not?" Mr. Snook responded, "That's correct." p. 97:1-5.  When asked, "to clarify, you're not in a position in this deposition to discuss the specifics of the time entries and charges in those invoices, is that correct?" Mr. Snook responded, "That's correct."  p.  100:7-11.

On the last day of discovery, MLCA served National Union with an expert report issued by Gary Greenfield on the issue of the reasonableness of MLCA's defense costs. Mr. Greenfield's report stated that his opinion, that MLCA's defense costs were reasonable, was based on his interviews of MLCA's attorneys. *See* Greenfield Report, pp. 4, 12 (Attached as Exhibit 1 to the Greenfield Depo, attached to the Rosenberg Decl. as Exh. B.)   Despite Mr. Greenfield's access to information possessed by MLCA's attorneys, Mr. Greenfield confirmed at his deposition that at the time he issued his report and as of his deposition he had not completed his analysis of the reasonableness of MLCA's defense costs –.  When asked, "[t]o be super clear, though, the statement you're making here that the fees and expenses being sought for reimbursement are reasonable and appropriate, is that statement not premature?," Mr. Greenfield replied, "yes."  Greenfield Depo, pp. 132:22-133:3.[2]  *See also* pp. 103:24-

[1] All references to the Snook Deposition are to the transcript excerpts attached as Exhibit A to the Rosenberg Declaration.

[2] All references to the Greenfield Deposition are to the transcript excerpts attached

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

**DEF.'S MEMO OF P'S AND A'S ISO MIL NO. 2 re: EVIDENCE RELATING TO MLCA'S DEF. COSTS**

105:6 (confirming that his evaluation is "not complete yet… I've done some of it.")

Courts are empowered to preclude witnesses from testifying at trial on topics that a party witness refused to testify about during their deposition. *See Nationwide Life Ins. Co. v. Richards* (9th Cir. 2008) 541 F.3d 903, 909. Fairness specifically dictates that a party may not use the attorney-client privilege as both a sword and a shield, as MLCA is doing in the context of evidence regarding the defense costs it is seeking to recover in this action. *See Columbia Pictures Indus. v. Krypton Broad., Inc.*, 259 F.3d 1186, 1196 (9th Cir. 2001) (affirming preclusion of evidence that defendant earlier asserted was privileged because "[t]he privilege which protects attorney-client communications may not be used as both a sword and a shield."). In practice, that means a party may not refuse to disclose information during discovery on the basis of privilege and then submit evidence on the same subject at trial. *See Galaxy Comp. Servs., Inc. v. Baker*, 325 B.R. 544, 559 (E.D. Va. 2005) (witness who refused to answer questions at deposition on privilege grounds was prohibited from testifying on those issues at trial; a party "cannot claim in his defense that he relied on [his attorney's] advice without permitting [the other party] to explore the substance of that advice."); *Engineered Products Co. v. Donaldson Co., Inc.*, 313 F. Supp. 2d 951, 1022-23 (N.D. Iowa 2004) (court barred the plaintiff from introducing testimony at trial on issues the plaintiff had prevented the defendant from exploring during a deposition by invoking the attorney-client privilege); *see also* William A. Schwarzer, et al., Federal Civil Procedure Before Trial, ¶ 11:37 at 11-29 (2000) ("where the party claiming privilege during discovery wants to testify at the time of trial, the court may ban that party from testifying on the matters claimed to be privileged."); *Alamar Ranch, LLC v. County of Boise*, 2010 WL 5186182, at *1 (D. Idaho Dec. 4, 2010) (party cannot "assert[] privilege to impede counsel's discovery efforts concerning a critical

as Exhibit B to the Rosenberg Declaration.

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

communication, meeting or event, and then offer evidence of that same communication, meeting or event during trial").

MLCA should be precluded from introducing evidence at trial regarding the reasonableness of the defense costs it is seeking in this action because (i) MLCA itself refused to testify on that topic at its deposition; (ii) MLCA provided its expert with an opportunity to interview MLCA's attorneys, which MLCA refused to provide to National Union, citing privilege; and (iii) it would be inappropriate for Mr. Greenfield to provide additional or "more complete" opinions at trial when at his deposition of he admitted that his opinions were premature. MLCA has not permitted National Union to take discovery on the reasonableness of the defense costs it is seeking reimbursement for, and therefore, MLCA should be precluded from introducing such evidence at trial, both on the grounds of fairness and because it would be prejudicial to National Union at this juncture.

National Union respectfully requests that the Court grant National Union's motion *in limine* and further requests that the Court instruct the parties' counsel to warn and caution their clients and witnesses to strictly follow the Order entered by the Court in connection with this motion *in limine*.

DATED:  April 15, 2016          BAUTE CROCHETIERE & GILFORD LLP


By:  ____/s/ Michael J. Hartley____
Michael J. Hartley
Attorneys for Defendant
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.

**DEF.'S MEMO OF P'S AND A'S ISO MIL NO. 2 re: EVIDENCE RELATING TO MLCA'S DEF. COSTS**

## CERTIFICATE OF SERVICE

I hereby certify that on this 15th day of April, 2016, I electronically filed the foregoing **DEFENDANT NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA'S MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF THEIR MOTION IN LIMINE NO. 2 REGARDING EVIDENCE RELATING TO MLCA'S DEFENSE COSTS IN THE UNDERLYING ACTION, INCLUDING OF ITS DESIGNATED EXPERT ON DEFENSE COSTS, GARY GREENFIELD** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

David A. Gauntlett, Esq.
James A. Lowe, Esq.
GAUNTLETT & ASSOCIATES
18400 Von Karman, Suite 300
Irvine, CA  92612

Attorneys for Plaintiff
Market Lofts Community Association

Phone:  (949) 553-1010
Fax:      (949) 553-2050
Email:   info@gauntlettlaw.com
            ial@gauntlettlaw.com

/s/ Michael J. Hartley
MICHAEL J. HARTLEY

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

240548.1

Case No. 2:15-cv-3093-RGK (SPx)

**DEF.'S MEMO OF P'S AND A'S ISO MIL NO. 2 re: EVIDENCE RELATING TO MLCA'S DEF. COSTS**