MICHAEL J. HARTLEY (State Bar No. 189375)
ANDREW M. GILFORD (State Bar No. 144994)
LEE J. ROSENBERG (State Bar No. 287567)
**BAUTE CROCHETIERE & GILFORD LLP**
777 South Figueroa Street, Suite 4900
Los Angeles, California 90017
Telephone: (213) 630-5000
Facsimile: (213) 683-1225
mhartley@bautelaw.com
agilford@bautelaw.com
lrosenberg@bautelaw.com

Attorneys for Defendant
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA, WESTERN DIVISION

MARKET LOFTS COMMUNITY ASSOCIATION, a California corporation,

Plaintiff,

v.

NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA, a Pennsylvania corporation,

Defendant.

Case No. 2:15-cv-3093-RGK (SPx)

Hon. R. Gary Klausner
Courtroom 850

**DEFENDANT NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA'S REPLY IN SUPPORT OF THEIR MOTION *IN LIMINE* NO. 2 REGARDING EVIDENCE RELATING TO MLCA'S DEFENSE COSTS IN THE UNDERLYING ACTION, INCLUDING OF ITS DESIGNATED EXPERT ON DEFENSE COSTS, GARY GREENFIELD**

Judge:  R. Gary Klausner
Date:   May 31, 2016
Time:   9:00 a.m.
Crtrm.: 850

Action Filed:      April 24, 2015

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

242691.2

Based on its moving papers and this reply brief, defendant National Union Fire Insurance Co. of Pittsburgh, Pa. ("National Union") requests that the Court grant its motion *in limine* no. 2 to exclude Market Lofts Community Association's ("MLCA") from introducing evidence related to its defense costs, including through its expert witness on fees, Gary Greenfield.

## I.    GARY GREENFIELD'S EXPERT REPORT AND TESTIMONY SHOULD BE EXCLUDED AT TRIAL

MLCA's opposition does not address or dispute National Union's contention that Gary Greenfield's report and testimony on the issue of the reasonableness of MLCA's defense costs should be excluded based on Mr. Greenfield's admission during his deposition that his report was incomplete and premature as of the date it was served, and as of the date he sat for his deposition. Accordingly, National Union's motion *in limine* on that sub-issue should be granted.

## II.    MLCA AND ITS EXPERT ON FEES SHOULD NOT BE PERMITTED TO TESTIFY AS TO THE REASONABLENESS OF DEFENSE FEES BECAUSE MLCA IS UNWILLING TO WAIVE PRIVILEGE

In its opposition brief, MLCA argues, consistent with the position it took at the deposition of the 30(b)(6) witness, that it is continuing to treat information regarding the reasons for the expenditure of fees in connection with the Underlying Action as privileged, and will not waive that privilege. MLCA specifically states that "[q]uestions to MLCA about specific billing entries on the invoices cannot be answered without waiving the insured's attorney-client privilege because the only source of information for the client about such matters is communication from the attorneys. MLCA does not intend to waive that privilege at trial, even if the attorneys in the Underlying Action are called to testify regarding defense invoices." (Opposition, p. 3:9-15.) (emphasis added.) Yet, MLCA continues to seek approximately $36,000 in such "specific billing entries" that National Union has identified to MLCA, and withheld, on the basis that they do not appear to be reasonably-related to the defense of the Homeowner Cross-

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

Complaint.

MLCA's 30(b)(6) testimony on attorney's fees was sought not to discover its "subjective opinions" as to the reasonableness or necessity of particular time entries, but rather, the procedural or strategic reason for which certain defense costs were incurred, so an objective determination could be made whether the fees MLCA is seeking reimbursement for were related to the defense of the Homeowner Cross-Complaint, and if so, how.

Here, MLCA is treating the attorney-client privilege as a sword and a shield. On the one hand, MLCA seeks to introduce the defense invoices into evidence without redaction (therefore waiving privilege as to the individual time entries) so that it can establish the amount of money it is seeking reimbursement for in this action. On the other hand, MLCA has refused, and continues to refuse to provide testimony on the nature of the services provided in connection with those defense invoices and the descriptions contained on them. MLCA argues that "MLCA has met all its obligations to establish the fact and amount of defense expenses," and that "National Union must overcome that presumption," but MLCA is unwilling to waive privilege to allow National Union to inquire into the relationship between the defense costs MLCA is seeking and the Homeowner Cross-Complaint. MLCA may not put evidence on at trial of the fees it is seeking without waiving privilege on matter relating to the fees it is seeking. *Luna v. Sears Life Ins. Co.* (S.D. Cal., Jan. 11, 2008, No. 06CV2653 DMS (CAB)) 2008 WL 2484596, at *1 ("Plaintiff cannot request attorneys' fees and simultaneously argue the information supporting the claim is protected. By requesting the fees as damages, Plaintiff put them at issue and waived the claim of privilege."); *Concept Enterprises, Inc. v. Hartford Ins. Co. of the Midwest* (C.D. Cal., May 22, 2001, No. CV007267NM(JWJX)) 2001 WL 34050685, at *8 (insured "cannot request attorneys' fees and simultaneously claim that information about the genesis of those fees is protected information. By requesting the fees as damages, Coustic has clearly put them at issue. By putting the fees at issue, Coustic has waived any claim of

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

privilege."); *Xebec Dev. Partners, Ltd. v. Nat'l Union Fire Ins. Co.,* 12 Cal.App. 4th 501, 569 (1993) ("A party who asserts a privilege as to evidence essential to some element of his or her case will usually be obliged as a practical matter to forsake that element...."). Because MLCA is not waiving privilege as to the time entries MLCA is seeking reimbursement for, MLCA should not be permitted to introduce information regarding its defense costs at all.

MLCA should also be precluded from offering evidence regarding the reasonableness and relatedness of its defense costs through its expert, Mr. Greenfield, because National Union was denied discovery into the underlying facts from MLCA's attorneys, upon which Mr. Greenfield relied in his report. MLCA did not deny Mr. Greenfield access to information based on any assertion of privilege. Under the Federal Rules of Civil Procedure, Rule 37, "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence … at a trial." MLCA intends for Mr. Greenfield to testify as to the "reasonableness and necessity as defense expenses and their relationship to the defense of the underlying cross-complaints against MLCA." (Dkt. #91, p. 4.) Notwithstanding the fact that these opinions constitute an inadmissible ultimate conclusion, these opinions are predicated on facts and information that is being denied to National Union on the grounds of privilege.

For example, at his deposition, Mr. Greenfield was asked:

Q: for purposes of your analysis here in your report when you are concluding that fees were reasonable and necessary, and you came across an entry that was vague and you didn't understand.. In that instance, perhaps, for example, you went and you spoke with one of the attorneys; correct?

A. Yes, I did in certain circumstances.

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

Greenfield Depo[1], p. 69:24-70:5; see also *id.* p. 103:11-17 ("I will look at the substance of the entry…And if I have a question about that, I will … ask counsel about it.")

However, in its opposition and with respect to information sought by National Union, MLCA is taking the position that "[q]uestions to MLCA about specific billing entries on the invoices cannot be answered without waiving the insured's attorney-client privilege." (Opposition, p. 3:9-15.) MLCA may opt to maintain its privilege, but it may not offer the report or testimony of Mr. Greenfield, which is based on his interviews of MLCA's counsel and receipt of privileged information on specific billing entries.

MLCA's argument that Mr. Greenfield is an acceptable substitute for receiving privileged information from MLCA's counsel, and that discovery regarding the specific billing entries is irrelevant, is belied by Mr. Greenfield's deposition testimony. For example, MLCA's defense invoices reflect significant attorney time relating to "freezing of assets," but MLCA was unable to provide discovery about it, through Mr. Greenfield, through its 30(b)(6) witness, or otherwise:

Q    Do you know whether freezing assets, whether that work is related
to the defense of the cross-complaint?
…
A  I don't know the answer.

Greenfield Depo, p. 122:13-25. *See also p.* 96:20-21 ("not positive" regarding what a motion for sanctions was for); p. 119:15-17 (no knowledge regarding time entries for research regarding obtaining costs on appeal); p. 119-120 (no knowledge of time entries regarding dismissal of individual defendants); p. 127-128 (no knowledge of time entries regarding discovery motion.)

Based on MLCA's position in its opposition, that information regarding specific

---

[1] The relevant excerpts from the Greenfield Deposition cited in this brief are attached to the Rosenberg Declaration, filed concurrently herewith.

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

billing entries is privileged, and the attendant inadmissibility of evidence on fees through its expert, Mr. Greenfield, National Union's motion *in limine* no. 2 to preclude MLCA from offering evidence of its defense costs in the Underlying Action should be granted.

DATED:  May 13, 2016

BAUTE CROCHETIERE & GILFORD LLP

By:      /s/ Michael J. Hartley

Michael J. Hartley
Attorneys for Defendant
NATIONAL UNION FIRE INSURANCE
COMPANY OF PITTSBURGH, PA.

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

## CERTIFICATE OF SERVICE

I hereby certify that on this 13th day of May, 2016, I electronically filed the foregoing **DEFENDANT NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA'S REPLY IN SUPPORT OF THEIR MOTION *IN LIMINE* NO. 2 REGARDING EVIDENCE RELATING TO MLCA'S DEFENSE COSTS IN THE UNDERLYING ACTION, INCLUDING OF ITS DESIGNATED EXPERT ON DEFENSE COSTS, GARY GREENFIELD** with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

| | |
|---|---|
| David A. Gauntlett, Esq. | Attorneys for Plaintiff |
| James A. Lowe, Esq. | Market Lofts Community Association |
| GAUNTLETT & ASSOCIATES | |
| 18400 Von Karman, Suite 300 | Phone:  (949) 553-1010 |
| Irvine, CA  92612 | Fax:      (949) 553-2050 |
| | Email:  info@gauntlettlaw.com |
| | ial@gauntlettlaw.com |

/s/ Michael J. Hartley
MICHAEL J. HARTLEY

BAUTE CROCHETIERE & GILFORD LLP
777 South Figueroa Street, Suite 4900
Los Angeles, CA 90017
Tel (213) 630-5000 • Fax (213) 683-1225

242691.2

Case No. 2:15-cv-3093-RGK (SPx)

**REPLY ISO MIL NO. 2 re: EVIDENCE RELATING TO MLCA'S DEF. COSTS**